IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
ELIZABETH B. CUNNINGHAM,         )
                                 )
Plaintiff,                       )
                                 )
vs.                              )    NO. 2:04-CV-62
                                 )
STATE FARM INSURANCE COMPANY,    )
STATE FARM FIRE & CASUALTY       )
COMPANY,                         )
                                 )
Defendants.                      )
```

## OPINION AND ORDER

This matter is before the Court on: (1) Defendant's Motion for Partial Summary Judgment, filed on August 1, 2005; (2) Defendant's Motion to Strike Paragraphs Eight and Nine of the Purported Affidavit of Joe Hoffman, filed on November 3, 2005; and (3) Defendant's Motion to Strike and Objection to Plaintiff's Response to the Motion for Partial Summary judgment, filed on November 3, 2005.  For the reasons set forth below, these motions are **GRANTED**.  Accordingly, Count I of Plaintiff's Complaint is **DISMISSED** with prejudice.

BACKGROUND

The Plaintiff, Elizabeth B. Cunningham, originally filed her two-count complaint in Lake County Superior Court against Defendant, State

Farm Fire & Casualty Company[1], on December 24, 2003.  In Count I, Plaintiff alleges Defendant breached its duty of good faith and fair dealing in handling Plaintiff's insurance claim.  Similarly, in Count II, Plaintiff alleges Defendant breached its insurance contract with Plaintiff.  Defendant then removed this action to this Court.

On August 1, 2005, Defendant filed its Motion for Partial Summary Judgment on Plaintiff's claims for breach of duty of good faith and fair dealing.  Plaintiff responded, attaching an affidavit of Joseph Hoffman.  Portions of Mr. Hoffman's affidavit gave rise to the second motion at issue here — Defendant's motion to strike.  Also, a number of perceived deficiencies in Plaintiff's response to State Farm's motion for summary judgment prompted State Farm's motion to strike Plaintiff's response.  These motions will be addressed in turn.

Motion to Strike Plaintiff's Response

State Farm requests this Court strike Plaintiff's response to its partial motion for summary judgment due to its noncompliance with the Local Rules.  The procedures governing summary judgment is governed by Local Rule 56.1, which provides, in pertinent part:

> Any party opposing [a motion for summary judgment] shall . . . serve and file . . . a response that shall include in its text or appendix thereto a "Statement of Genuine Issues" setting forth, with appropriate citations to discovery responses, affidavits, depositions, or

---

[1] Plaintiff incorrectly sued Defendant as State Farm Insurance Company, State Farm Fire and Casualty Company.

>           other admissible evidence, all material facts as
>           to which it is contended there exists a genuine
>           issue necessary to be litigated.

N.D. Ind. L.R. 56.1(a).

Plaintiff's response to State Farm's motion for summary judgment does not comply with the strictures of the local rules. In Plaintiff's memorandum in support, she states that the "following facts are taken from the statement of issues, are not re-cited as their citation is found in the Statement of Issues." (Mem. in Supp. Of Response, p. 1) If this statement were true, there would be no problem. However, a problem arises because, in contrast to her statement, Plaintiff did not include a statement of issues. As a result, the Plaintiff failed to cite to any material facts in dispute that would require further litigation, as required by the Local Rules. It is within the Court's province to require parties to adhere to the local rules and strike non-comforming filings. *See Schrott v. Bristol-Meyers Squibb Co.*, 403 F.3d 940 (7th Cir. 2005). On November 30, 2005, Plaintiff filed a response to this motion to strike, setting forth that she inadvertently failed to file the statement of issues. Contemporaneously, Plaintiff filed her statement of issues. Such a delay in filing these issues — 27 days after being put on notice of the deficiency – is inexcusable. Accordingly, State Farm's motion is **GRANTED**.

Motion for Summary Judgment

State Farm has filed the instant motion requesting summary judgment on Count I, Plaintiff's bad faith claim. Simply, State Farm proffers that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.

The standards that generally govern summary judgment motions are familiar. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In other words, the record must reveal that no reasonable jury could find for the nonmovant. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant. *Anderson*, 477 U.S. at 255; *NUCOR Corp. v. Aceros Y Maquilas De Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes "demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the movant has met this burden, the nonmovant may not rest upon mere allegations but "must set forth

specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect the outcome* of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (emphasis in original) (citing *Anderson*, 477 U.S. at 248).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate. In this situation, there can be "'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

As this matter comes before the Court pursuant to diversity jurisdiction, the Court "must apply the law of the state as it

believes the highest court of the state would apply it if the issue were presently before that tribunal." *State Farm Mut. Ins. Co. v. Pate*, 275 F.3d 666, 669 (7th Cir. 2001). Because neither party raised a conflict of laws issue, the applicable law is that of Indiana, the state where this Court sits. *Indiana Ins. Co. V. Pana Community Unit School Dist. No. 8,* 314 F.3d 895, 900 (7th Cir. 2002)("Courts do not worry about conflict of laws unless the parties disagree on which state's law applies.").

Facts

On January 1, 2003, Plaintiff was the named insured in a policy of homeowner's insurance issued by State Farm. (Def.'s Ex. A.) The policy generally provides coverage for "accidental direct physical loss to the property." (Ex. A, p. 7.) In the event of an insured loss the policy provides for appraisal:

> Appraisal. If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of competent jurisdiction . . . to select an umpire. The appraisers shall then set the amount of loss.

(Ex. A, p. 14.)

On January 1, 2003, Plaintiff's home was struck by an automobile.

The next day, Plaintiff reported to State Farm that a car had been driven into the side of her home and caused a long crack in the foundation. (Ex. B, p. 31.) Plaintiff hired Joe Hoffman as a public adjuster. (Hoffman Aff. ¶ 3.) On January 5, 2003, Hoffman provided State Farm with an estimate to repair the damage. (Ex. B, p. 130-138.) On January 17, 2003, State Farm spoke to Hoffman and arranged an inspection of the loss site. (Ex. B, p. 30.) On January 21, 2003, Hoffman faxed State Farm a revised estimate to repair the damage totaling $21,106.10. (Ex. B, p. 128.)

After several communications between State Farm and Hoffman, they met at the loss site on February 17, 2003. (Ex. B, p. 30, 128-29.) Hoffman and State Farm did not agree on the scope of the insurable loss to Plaintiff's house. (Ex. B., p. 30.) Upon inspection, State Farm found two foundation blocks out of place; however, Hoffman wanted to replace the entire foundation wall. (Ex. B, p. 30.) Hoffman also sought removal of a concrete porch; however, State Farm did not find removal appropriate. (Ex. B, p. 30.)

On February 21, State Farm spoke with Hoffman and discussed his estimate. (Ex. B, p. 29.) State Farm agreed to reinspect the damage on March 3, 2003. (Ex. B, p. 29.) During the March 29, 2003, meeting, State Farm and Hoffman agreed that the concrete foundation wall was damaged. (Ex. B, p. 29.) Still, State Farm believed that the estimate prepared by Hoffman included repairs which were not necessary to repair damage caused by the auto accident. (Ex B., p.

-7-

29.)  Hoffman agreed to revise his estimate to include replacement of a 26' by 4' section of the foundation wall instead of the entire wall. (Ex. B, p. 29.)

Another point of contention surrounded cracks throughout the foundation of the Plaintiff's house, which Hoffman attributed to the auto incident but State Farm believed were the result of settling. The Plaintiff's homeowner's policy excludes coverage for: "settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings."  (Ex. A, p. 9.) State Farm found no evident causal connection between the impact and the settling cracks.   (Ex. B, at p. 110.)   As a result, State Farm concluded the cracks were not covered.

State Farm prepared an estimate of what it believed to be the payment of undisputed repairs covered by the policy.  On April 8, 2003, State Farm forwarded a draft in the amount of $4,780.51 to Plaintiff.  (Ex. B, p. 108.)  Plaintiff was advised that the entire foundation did not need to be replaced and that there was no evident causal connection between the point of impact and the cracks throughout the house.  (Ex. B, p. 108.)  State Farm further advised that Plaintiff's policy excluded loss to the properly due to settling or cracking.  (Ex. B, p. 108.)

On April 12, 2003, Plaintiff demanded appraisal and appointed Hoffman as appraiser.  (Ex. B, p. 101.)  However, State Farm refused to participate in appraisal as it claimed the dispute involved

coverage for the damages claimed.  (Ex. B, p. 99.)

Later in April 2003, State Farm requested that, if Plaintiff retained an engineer, it be provided with any evidence of a causal connection between the vehicle impact and the cracks in the interior of the house.  (Ex. B, p. 95.)  On July 14, 2003, State Farm received a fax from Hoffman, wherein he advised State Farm that a professional engineer had inspected the loss site and reported fresh cracking as well as widening of some pre-existing cracks.  (Ex. B, p. 93.)  On August 5, 2003, Hoffman called State Farm and State Farm advised him that they had yet to be provided with a copy of the engineer's report. (Ex. B, p. 27.)  State Farm request the engineering report and indicated that if it contained information supporting Hoffman's evaluation, State Farm would reevaluate the claim.  (Ex. B, p. 27.) State Farm did not receive the report.

On October 2, 2003, State Farm was advised that Plaintiff retained counsel.  (Ex. B, p. 79.)  By letter, State Farm again requested a copy of the engineer's report and also requested another inspection at which time State Farm would have a professional engineer present who could, if desired, meet with Plaintiff's engineer in an effort to reach a joint conclusion about the cracking.  (Ex. B, p. 82.) No response was received and State Farm closed its file on December 29, 2003.  (Ex. B, p. 26.)

On June 23, 2004, State Farm received a copy of an engineer's inspection report of a vehicle collision damage to Plaintiff's

-9-

residence by Gary Anderson.  (Ex. C.)  Anderson noted some of the cracks in the foundation were consistent with damage which he attributed to the vehicle impact.  (Ex. C, ¶¶ 3 and 4.)  After receiving Anderson's report, State Farm secured the services of a professional engineer and arranged for his inspection of Plaintiff's home.  On or about November 26, 2004, State Farm's expert, Mark A. Lawrence inspected the loss site.  (Ex. D.)  Lawrence concluded the long horizontal crack on the front foundation was due to soil pressure and was unrelated to the January 1, 2003, auto impact.  (Ex. D, section 4.)  Lawrence also attributed some cracking in the stoop due to settlement or "freeze thaw" damage and was unrelated to the auto impact.  (Ex. D, section 4.)

Duty of Good Faith and Fair Dealings

Plaintiff seeks punitive damages against State Farm, alleging State Farm breached its duty of good faith and fair dealing.  Indiana law recognizes that there is a legal duty implied in all insurance contracts that the insurer deal in good faith with its insured.  The failure to comply with a duty to act in good faith is often called the tort of bad faith and was first recognized in *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515 (Ind. 1993).  In *Erie*, the Indiana Supreme Court observed that:

> The obligation of good faith and fair dealing with respect to the discharge of the insurer's contractual obligation includes the obligation to refrain from (1) making an unfounded refusal to

>pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of his claim.

*Id*. at 520.

Obviously, this cause of action will not arise every time an insurance claim is denied. A good faith dispute about whether the insurer has a valid claim will not supply the grounds for recovery in tort for the breach of the obligation to exercise good faith. *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37, 40 (Ind. 2002). However, an insurer that denies liability knowing there is no rational, principled basis for doing so has breached its duty. *Id*. To prove bad faith, the plaintiff must establish, with clear and convincing evidence, that the insurer had knowledge that there was no legitimate basis for denying liability. *Id*. In Indiana, punitive damages may be predicated upon a breach of an insurer's obligation to exercise good faith only if there is clear and convincing evidence that the defendant acted with malice, fraud, negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, overzealousness, mere negligence, or other human failing. *Masonic Temple Ass'n of Crawfordsville v. Indiana Farmers Mut. Ins. Co.*, 779 N.E.2d 21, 26 (Ind. Ct. App. 2002).

In partially denying Plaintiff's claim for damage, State Farm relied upon the policy's provision excluding coverage for: "settling, cracking, shrinking, bulging, or expansion of pavements, patios,

foundation, walls, floors, roofs or ceilings." Moreover, State Farm refused to submit, what it believed to be, the non-covered portion of Plaintiff's damage to appraisal because State Farm contended that coverage issues were not to be sent to appraisal under the policy. While an unfounded refusal to pay policy proceeds may be a breach of good faith, a good faith dispute of a claim is not. *See Hoosier Ins. Co. Inc. v. Mangino*, 419 N.E.2d 978, 987-88 (Ind. Ct. App. 1981)(an insurance company is not required to either pay or litigate at its peril).

Plaintiff argues that State Farm wrongfully denied her request for appraisal.[2] However, this alone is not enough to withstand summary judgment because "a finding of bad faith requires a conscious wrongdoing." *Spencer v. Bridgwater*, 757 N.E.2d 208, 212 (Ind. Ct. App. 2001)(citations omitted). In an attempt to shoulder this burden, Plaintiff claims that State Farm acted with ill will because it had animosity towards Plaintiff's adjuster, Hoffman. In support of the alleged animus, Plaintiff points to the affidavit of Joseph Hoffman.

In his affidavit, Hoffman states that "State Farm did not want to go to appraisal in this case because the fair value of the claim is nearly ten times the amount they are willing to pay, and th appraisal process would have required them to pay the award in the year of the loss, 2003, with the result that Cunningham's house would

---

[2]While the Court has stricken Plaintiff's response, for thoroughness, it will nonetheless examine Plaintiff's arguments.

be repaired." (Hoffman Aff. ¶ 8) This statement is insufficient to create a genuine issue of material fact with regard to Plaintiff's bad faith claim because it is conclusory, speculative and not based upon personal knowledge. Fed. R. Civ. P. 56(e); *Ellman v. Woodstock #200 School Dist.*, 59 Fed. Appx. 885, 887 (7th Cir. 2005).

Further, Hoffman states that on "up to thirty occasions prior to April, 2003, State Farm objected to my participation as appraiser, leading to repeated lawsuits for interference with contract and bad faith." (Hoffman Aff. ¶ 9) This statement, like its predecessor, is insufficient to defeat summary judgment. Hoffman's assertion of State Farm's past practices lacks relevance to the current litigation. The mere fact that State Farm may have objected to Hoffman's participation as an appraiser in the past does not permissibly infer that State Farm acted in bad faith in this case. The argument appears to be that State Farm acts in bad faith when Hoffman is involved and, therefore, acted in bad faith in this case. This is an impermissible inference under the Federal Rules of Evidence and case law. Fed. R. Evid. 404; *Mathis v. Philips Chevrolet, Inc.*, 269 F.3d 771 (7th Cir. 2001); *White v. State Farm Mut. Auto. Ins. Co.*, 709 N.E.2d 1079, 1084 (Ind. Ct. App. 1999). Even if this statement were allowable, it fails to show that State Farm acted in bad faith with Hoffman in the past or in the instant case.

Next, Hoffman opines that "[t]he illusion employed by State Farm to avoid appraisal is outside the scope of good faith in that in the

ordinary course of appraisal the amount of loss is determined, including the defenses claimed by State Farm." (Hoffman Aff. ¶ 9.) This statement is inadmissible for a number of reasons. To start, there is nothing in the record to establish that Hoffman is competent to testify to such matters as required by Rule 56(e). *Harmon v. OKI Systems*, 115 F.3d 477, 480 (7th Cir. 1997). Indeed, he has not been identified as an expert in this case. Not only is Hoffman not identified as an expert witness on such an issue, but Hoffman's conclusion that State Farm acted outside the scope of good faith is tantamount determining the ultimate legal issue to be decided by the trier of fact. Fed. R. Evid. 704(b); *United States v. Brown*, 32 F.3d 236 (7th Cir. 1994); *Roberts v. Sears, Roebuck, & Co.*, 723 F.2d 1324 (7th Cir. 1983). As such it is inadmissible and insufficient to defeat summary judgment.

In sum, Plaintiff failed to demonstrate that State Farm acted with the requisite state of mind in denying coverage. Thus, while the issue of whether State Farm breached its insurance policy remains pending, the claim that State Farm acted in bad faith is not.

CONCLUSION

For the reasons set forth below, Defendant's Motion for Partial Summary Judgment, Defendant's Motion to Strike Paragraphs Eight and Nine of the Purported Affidavit of Joe and Defendant's Motion to Strike and Objection to Plaintiff's Response to the Motion for Partial

Summary judgment are **GRANTED**.  Accordingly, Count I of Plaintiff's Complaint is **DISMISSED** with prejudice.


**DATED:  December 2, 2005**       /s/RUDY LOZANO, Judge
                                   **United States District Court**